IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DEXTER LEE NASH                                                                                      PLAINTIFF

v.                                              2:09CV00008BSM/HLJ

MRS. COBBS, et al.                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a former state inmate, filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). After he filed his complaint, however, he was released from incarceration, and his motion to proceed <u>in forma pauperis</u> has been granted by a separate Order. In his complaint, plaintiff alleges he was not permitted to meet the parole board in a timely manner, at the time of his transfer eligibility date of August 5, 2008. Rather, plaintiff states defendants unconstitutionally delayed his parole eligibility date to November 24, 2008, and are liable for undue detention and violations of the Eighth Amendment's protection against cruel and unusual punishment. Plaintiff asks for damages from defendants.

Pursuant to the Prison Litigation Reform Act (PLRA), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(b)(1), (2).

In this particular case, the Court notes there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). In Munson v. Norris, 435 F.3d 877, 879 (8th Cir. 2006), the Court upheld a ruling that requiring an Arkansas prisoner to complete a therapeutic program prior to receiving parole did not violate due process, because the prisoner did not have a constitutional right to conditional release prior to the expiration of his sentence.

The Arkansas Parole statute, Ark. Code Ann. § 16-93-201-206 (Supp. 1997), establishes only the possibility of parole. Nothing in the Arkansas statutes creates a right of an inmate to release on parole which would invoke due process protection, Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979), and parole officials are entitled to consider many factors in their determination of whether to grant parole, including prior criminal history and number of offenses, and may also fix the time and conditions of the parole.

In addition, an attack on defendants' alleged failure to properly address his complaints, does not state a constitutional claim. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Furthermore, failure to follow ADC policies and procedures does not state a claim. See Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

The Court also notes that matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. In Wiggins v. Lockhart, 825 F.2d 1237 (8th Cir. 1987), the Court noted that the district court held, citing, Schwindling v. Smith, 777 F.2d 431, 432-22 (8th Cir. 1985), that the state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is

determined. Section 1983 specifically requires that a violation of a federally-protected right be alleged and demonstrated. However, in this case, plaintiff has not demonstrated a denial of a federally-protected right, given the fact that there is no constitutional or inherent right of a convicted person to parole.

Finally, with respect to plaintiff's request for damages, the Court finds that plaintiff's complaint falls within the meaning of Heck v. Humphrey, 512 U.S. 477 (1994), and therefore, it should be dismissed. In Heck, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. An action attacking the validity of one's parole calls into question the fact and duration of confinement. See Lindsey v. Wells, 901 F.2d 96 (8th Cir. 1990), and must be raised in a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus, after exhaustion of state remedies. It does not appear from the record that plaintiff has exhausted his state remedies with respect to this attack on his confinement. Should he ultimately succeed in challenging his allegedly extended confinement through appropriate state procedures, he may refile his complaint for damages. See Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995). Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is DISMISSED without prejudice to re-file after exhaustion of his available remedies, and that this dismissal be considered a "strike" within the meaning of the PLRA.[1]

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

IT IS SO ORDERED this 18th day of February, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge

---

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."  See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).